IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY WALTER McRAY, # 286505,    )
    )
    Petitioner,    )
    )    CIVIL ACTION.
v.    )    2:18-CV-162-WHA-JTA
    )    [WO]
WALTER MYERS, *et al.*,    )
    )
    Respondents.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on March 1, 2018, by Johnny Walter McRay, an Alabama inmate proceeding *pro se*. Doc. 1.[1] McRay challenges his 2012 Elmore County convictions and resulting sentence for three counts of producing child pornography. Respondents argue McRay's petition is time-barred under AEDPA's one-year limitation period. Doc. 8 at 5–7. The undersigned agrees and finds McRay's petition should be denied without an evidentiary hearing and this case should be dismissed with prejudice.

## I.  BACKGROUND

### A.  State Criminal Convictions

On October 3, 2012, an Elmore County jury found McRay guilty of three counts of producing child pornography in violation of § 13A-12-197, Ala. Code 1975. *See* Doc. 8-7

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

at 1.  The trial court sentenced McRay on November 6, 2012, to concurrent terms of 10 years in prison on each count.  *See* Doc. 8-3 at 2, 87.  McRay filed a *pro se* notice of appeal on April 24, 2013.  *See id.* at 18.  On May 28, 2013, the Alabama Court of Criminal Appeals dismissed the appeal as untimely filed.  Doc. 8-1.

## B.  State Post-Conviction Proceedings

### 1.  *First Rule 32 Petition*

On October 8, 2013, McRay filed a petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 8-3 at 8–22.  In his Rule 32 petition, McRay alleged that he failed to timely appeal his conviction through no fault of his own, specifically, that his counsel ignored his instruction to file a direct appeal on his behalf.  *Id.*  On September 9, 2014, an evidentiary hearing was held on McRay's claim (*id.* at 85–110), and on September 15, 2014, the trial court entered an order denying the Rule 32 petition (*id.* at 68–69).  In rejecting McRay's claim for relief, the trial court credited the testimony of McRay's former counsel that McCray did not instruct her to file a direct appeal and that McCray told her at sentencing that he intended to hire someone else to represent him on appeal.  *Id.* at 68–69.

McRay appealed the trial court's judgment, and on April 10, 2015, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of McRay's Rule 32 petition.  Doc. 8-7.  McRay's application for rehearing was overruled on June 5, 2015.  Docs. 8-8, 8-9.  McRay then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on August 14, 2015.  Docs. 8-10, 8-12. A certificate of judgment was issued that same day.  Doc. 8-11.

### 2.      *Second Rule 32 Petition*

Over 20 months later, on April 17, 2017, McRay filed a second Rule 32 petition, this one alleging that he was convicted based on "falsified evidence" and that evidence presented at trial was "a known impossibility" to the prosecution.  *See* Doc. 8-4 at 8–16. The trial court denied that petition on July 5, 2017.  *Id*. at 33.  McRay appealed the trial court's judgment, and on December 8, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of McRay's Rule 32 petition.  Doc. 8-15.  McRay's application for rehearing was overruled on January 5, 2018. Docs. 8-16, 8-17.  McRay filed no petition for writ of certiorari with the Alabama Supreme Court.  The Alabama Court of Criminal Appeals issued a certificate of judgment on February 16, 2018.  Doc. 8-18.

### C.   Federal Habeas Petition

McRay filed this § 2254 petition on March 1, 2018.[2]  Doc. 1.  In his petition, McRay contends that (1) he failed to file a direct of appeal from his convictions through no fault of his own, because his counsel ignored his instructions to file an appeal; and (2) he was convicted through falsified evidence, because a State witness who testified she examined the computer files containing pornographic material could not have examined the files

---

[2] McRay's petition was stamped as received in this court on March 9, 2018.  However, under the "prison mailbox rule," the court deems McRay's petition to be filed on the date he represents that he delivered it to prison authorities for mailing, March 1, 2018.  *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

when she said she did.  *Id*. at 5, 7.  Respondents answer that McCray's petition is time-barred under the one-year federal limitation period.[3]  Doc. 8 at 5–7.

## II.   DISCUSSION

### A.   AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition.  Title 28 U.S.C. § 2244(d) of AEDPA states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[3] Respondents also argue that McRay's claims are procedurally defaulted and are without merit.  Doc. 8 at 7–11; Doc. 15 at 3–5.

28 U.S.C. § 2244(d).

**B.   Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). McCray took no timely direct appeal of his conviction. Therefore, his conviction became final, and the one-year limitation period in § 2244(d)(1)(A) began to run, on December 18, 2012—i.e., 42 days after his November 6, 2012 sentencing. *See Womack v. State*, 684 So. 2d 167 (Ala. Crim. App. 1995); Ala. R. App. P. 4(b)(1). Therefore, absent some tolling event, statutory or equitable, McRay had until December 18, 2013, to file a § 2254 petition.

*1.   Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006).

On October 8, 2013, McRay filed his first state Rule 32 petition in the trial court. Under § 2244(d)(2), that filing tolled AEDPA's limitation period for filing a § 2254

petition. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"). At that time, the one-year limitation period for filing a § 2254 petition had run for 294 days (from December 18, 2012, to October 8, 2013). The state Rule 32 proceedings concluded on August 14, 2015 (with issuance of a certificate of judgment), starting AEDPA's clock running again. On that date, McRay had **7**1 days (365 – 294) days remaining to file a timely § 2254 petition.

McRay filed a second Rule 32 petition on April 17, 2017, 612 days after the conclusion of the proceedings in his first Rule 32 action. That filing, however, did not effect tolling of AEDPA's limitation period under § 2244(d)(2), because the one-year limitation period ran unabated for the 71 days after August 14, 2015, before expiring on October 26, 2015, the first business day after October 24, 2015 (which fell on a Saturday). By the time McRay filed his second Rule 32 petition, then, there was no remaining limitation period to toll. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.; see also, e.g., Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).

The provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for McRay by affording a different triggering date so that AEDPA's limitation period

commenced on some date later than December 18, 2013, or expired (with statutory tolling under § 2244(d)(2)) on some date later than October 26, 2015.  There is no evidence that an unlawful state action impeded McRay from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and McRay submits no ground for relief with a factual predicate not discoverable earlier with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  McRay also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).

The controlling limitation period for McRay's petition is the one set forth in § 2244(d)(1)(A).  McRay filed his § 2254 petition on March 1, 2018—over 28 months after AEDPA's limitation period expired

### 2. *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly."  *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the

extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

McRay perfunctorily asserts entitlement to equitable tolling, alleging that his delays in filing were through "no fault on petitioner's part." Doc. 1 at 14. However, McRay presents no facts or arguments supporting this assertion, and the face of the record does not reflect how any filing delays should not be attributable to McRay. Therefore, McRay fails to establish entitlement to equitable tolling, and his petition is time-barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

### 3.  *Actual Innocence*

The AEDPA's statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

McRay asserts his actual innocence through his claim that he was convicted through falsified evidence. Doc. 10 at 1–7. He maintains that a State witness who testified she examined the computer files containing pornographic material could not have examined the files when she said she did. *Id.* According to McRay the transcript of his trial would establish that there was conflicting evidence among witnesses as to when the computer

files were examined—e.g., that other witnesses testified the files were "last accessed" on a date prior to the date the witness said she examined the files—and this conflict "proves his innocence." Doc. 10 at 3–4.

The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary" case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, McRay points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence.  Instead, he references evidence actually adduced at trial and presented to the jury, which ultimately convicted him.  McRay's reference solely to testimony presented at trial—and to no further evidence—concerns matters that definitionally do not constitute "new evidence."  McRay argues only that certain trial evidence should be understood in a different light because of alleged inconsistencies

among the testimony of different witnesses.[4]  Essentially, he merely reargues the weight that should have been afforded the State's evidence.  Such arguments, predicated on McRay's interpretation of the import of the evidence presented at trial, will not sustain a claim of actual innocence.  *See Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

McRay does not demonstrate his factual innocence of having child pornography on his computer files.  His allegations, even if taken as true, do not establish his innocence of the crimes for which he was convicted.  He fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*.  As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case."  513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted).  McRay's case is not such a case.  Because the actual-

---

[4] Because McRay did not file a timely direct appeal, no transcript of his trial was generated for purposes of appellate review.  It is clear from the matters to which he refers in asserting actual innocence that his actual-innocence claim is based solely on testimony presented at trial, and not on any new exculpatory evidence.

innocence exception does not apply, the claims in McRay's time-barred § 2254 petition are not subject to federal habeas review.[5]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that McRay's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation by **November 30, 2020**.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.   Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

---

[5] Arguably, McRay presents his actual-innocence claim as a "freestanding" claim, not as a gateway to review of his time-barred claims.  The Eleventh Circuit has left open the question of whether federal habeas courts may entertain freestanding actual-innocence claims in non-capital cases.  *See Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007).  However, assuming for argument that McRay may assert his "actual innocence" claim as a freestanding, "non-gateway" claim, such a claim would still be subject to AEDPA's procedural restrictions, including the limitation period in § 2244(d).  *See, e.g., Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement).  Thus, any freestanding actual-innocence claim by McRay is time-barred under § 2244(d).

the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of November, 2020.


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE